■ In the Matter of a Trust Created by HILDEGARD VON GONTARD. BANK OF NEW YORK, Appellant; PAUL T. VON GONTARD et al., Respondents. [720 NYS2d 111] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered June 6, 2000, which, *inter alia*, denied the application of trustee Bank of New York, in settling its final account, to reform the grantor retained income trust (GRIT) indenture, created in a prior guardianship proceeding to manage the securities of grantor Hildegard von Gontard, an incapacitated person under Mental Hygiene Law § 81.02 (b), unanimously affirmed, with costs.

The trustee of the subject GRIT has applied to reform the trust indenture upon its purportedly recent discovery that the six-year-old indenture does not accurately reflect the dispositional intent of the incapacitated grantor as reflected in her will and revocable trust. However, the trustee's showing in support of its application provides no basis upon which to conclude that there is any conflict between the GRIT and the previously executed dispositional instruments. The prior instruments upon which the trustee relies are not included in the record, but, to the extent that it would be proper to rely on their description by counsel for the trustee, they merely indicate that the grantor did not wish those nieces and nephews of her late husband adopted or born out of wedlock to benefit from her estate. There is no indication that this purported direction had any practical significance since, to the extent ascertainable from the record, none of the nieces and nephews of the grantor's late husband had, in fact, been adopted or born out of wedlock, and while some of the *issue* of the nieces and nephews in question were either adopted or born out of wedlock, the record affords no reason to suppose

that the purported limitation upon the class of niece and nephew beneficiaries was meant to apply as well to the *issue* of that class, either as beneficiaries under the GRIT or as members of the class whose number, pursuant to the GRIT, is to be used to determine the size of the distributive shares thereunder. Indeed, although it is unnecessary given the strong and manifestly unrebutted presumption as to the validity of the clearly and deliberately composed GRIT indenture as truly reflective of the grantor's dispositional intentions (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 574, citing *Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219), the record provides strong indication that the grantor had no wish to exclude anyone by reason of their adoption or birth out of wedlock from the class of issue of her late husband's nieces and nephews as set forth in the GRIT indenture. We note that none of the trust beneficiaries, not even those who would stand to gain if the trustee's application were granted, have joined in the application. Concur—Williams, J. P., Lerner, Rubin and Buckley, JJ.